UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEFF ROWE, MICHAEL MCCAIN, SOUTHERN ELECTRICAL RETIREMENT FUND, ROB AXFORD, and CAROLINAS ELECTRICAL RETIREMENT FUND, <br><br> Plaintiffs, <br><br> v. <br><br> ALLIED TRADES, INC., and DAVID M. JONES, <br><br> Defendants. | Civil Action No. _____ |

## COMPLAINT

Michael McCain and James D. Hornsby ("Trustees") and Southern Electrical Retirement Fund ("Plaintiff Fund"), complaining of Allied Trades, Inc. ("Defendant") and David M. Jones ("Jones") allege as follows:

1. This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq., as amended by the Multiemployer Pension Plan Amendments Act of 1980, in particular 29 U.S.C. § 1145 (Section 515 of ERISA) and is a civil action to recover employer contributions owed to the Plaintiff Fund. Jurisdiction is premised upon 29 U.S.C. § 1132(e)(1).

2. The Trustees are fiduciaries of Plaintiff Fund as that term is used at 29 U.S.C. § 1132(a) and bring this action to secure appropriate relief for Plaintiff Fund.

3. Venue is based on 29 U.S.C. § 1132(e)(2) as Plaintiff Fund is a pension plan administered in this judicial district through Southern Benefit Administrators, Incorporated of Goodlettsville, Tennessee.

4. Plaintiff Fund is an employee pension plan as that term is defined at 29 U.S.C. §1002(2) and is primarily funded by contributions remitted by multiple participating employers pursuant to a negotiated collective bargaining agreement ("CBA") with a local labor organization. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants of the Plaintiff Fund after paying administrative and other reasonable expenses of the Fund.

5. During all pertinent times, Defendant has been and continues to be a party to CBA and under terms of the CBA, Defendant was to pay contributions to the Plaintiff Fund on behalf of employees performing covered work.

6. Pursuant to the CBA, Defendant was bound by the provisions of the trust agreement by virtue of which Plaintiff Fund was created and operates and which provides in pertinent part that employer contributions such as those owed by Defendant to Plaintiff Fund are an asset of Plaintiff Fund when due. The Defendant is obligated under the trust agreement to treat contributions as an asset of the Plaintiff Fund when those contributions become due.

7. Plaintiff Fund operates on the basis of an employer self-reporting payment system whereby participating employers such as Defendant identify those employees for whom contributions are owed, identify the weeks worked by the covered employees, and based upon employee work history reported, the employers make contributions and payments to the Plaintiff Fund.

8. The CBA and trust agreement requires prompt payment of all such contributions, failing which a delinquent employer may be assessed with attorney's fees and other fees for late payment as permitted by law, plus interest on unpaid contributions. Plaintiff Fund operates pursuant to written procedures which authorize the entry of a judgment against an employer for

contributions owed to include, by mandate of the Court, the greater of a doubling of the interest or liquidated damages based upon unpaid contributions in the amount of twenty percent (20%), all as allowed by 29 U.S.C. §§ 1132(g)(2)(C)(i) and (ii).

9. Section 306(a) of the Multiemployer Pension Plan Amendments Act of 1980, adding Section 515 of ERISA, 29 U.S.C. § 1145, provides that every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of the CBA shall, to the extent not inconsistent with law, make contributions in accordance with the terms and conditions of such plan or such agreement.

10. Defendant is a party in interest as those terms are defined in ERISA at 29 U.S.C. §§ 1002(5) and 1002(14)(c).

11. Defendant has breached the above-referenced provisions of ERISA, the CBA, and the trust agreement whereby the Plaintiff Fund was created and operates, such breach occurring by virtue of Defendant failing to pay any of the contributions and interest due thereon and having failed to submit reports with the employee work history for employees.

12. Upon information and belief, Jones is a resident of Mount Pleasant, South Carolina and is the President of Defendant. As President, Jones has authority to direct business operations of Defendant. Jones and Defendant have used assets of Plaintiff Fund in the form of contributions to pay for business operations of Defendant. Jones and Defendant dissipated the contributions owed to Plaintiff Fund by not segregating them, but instead placing them in a comingled account that was used for general operating expenses of Defendant. Upon information and belief, the comingled account has not reached a zero balance.

13. Jones is an ERISA fiduciary personally liable under 29 U.S.C. 1103, 1104 and 1109 for using assets of Plaintiff Fund to pay for business operations of Defendant instead of paying contributions to Plaintiff Fund.

14. Despite demand by the Plaintiff Fund that Defendant perform its statutory and contractual and trust obligations with respect to making contributions to the Plaintiff Fund, Defendant has neglected and refused to pay the amounts that are due, and as a consequence of the conduct described herein, Defendant currently owes an outstanding principal amount without regard to accumulated interest. Defendant owes accumulated interest on the unpaid contributions as a result of its conduct as described herein.

15. The failure of Defendant to pay contributions on behalf of its employees will cause Plaintiff Fund to suffer irreparable harm; further, employer delinquencies such as those of Defendant adversely affect and impact upon the financial integrity of the Plaintiff Fund, and the continued delinquency will cause the Plaintiff Fund to lose the benefit of interest income that it would otherwise earn and will cause the Plaintiff Fund to incur additional administrative expenses in connection with the remedying of the delinquencies of Defendant.

16. Copies of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail in accordance with the provisions of ERISA Section 502(h), 29 U.S.C. § 1132(h).

WHEREFORE, Trustees and Plaintiff Fund request the following relief:

(a) A permanent injunction enjoining Defendant and Jones from violating the provisions of ERISA, the CBA, and the trust agreement requiring payment of contributions.

(b) A judgment against Defendant and Jones and in favor of Trustees and Plaintiff Fund for all contributions that are owed as of the date of the judgment plus the greater of double interest

or single interest plus liquidated damages, and all attorney fees and costs incurred in connection with this action.

   (c)  For such further or different relief as the Court may deem proper or just.

                 Respectfully submitted,

                 /s/ *R. Jan Jennings*
                 R. Jan Jennings, BPR No. 1536
                 Karla M. Campbell, BPR No. 027132
                 Michael C. Iadevaia NY BPR No. 5783295
                 **STRANCH, JENNINGS & GARVEY, PLLC**
                 The Freedom Center
                 223 Rosa L. Parks Avenue, Suite 200
                 Nashville, TN 37203
                 Tel. (615) 254-8801
                 Email: jjennings@stranchlaw.com
                 Email: karlac@stranchlaw.com
                 Email: miadevaia@stranchlaw.com